UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM A. BOWN,<br><br>    Plaintiff,<br><br>    v.<br><br>BRENT D. REINKE, *et. al.*,<br><br>    Defendants. | Case No. 1:12-cv-00262-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Bown's Motion For Leave to Amend Complaint. (Dkt. 53). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Because Defendant has not yet answered the initial complaint (Dkt. 1), or the amended complaint (Dkt. 53), all background information stated here is taken from Bown's pleadings. *See Am. Compl. Redline*, Dkt. 53-2. On February 19, 2012, Bown complained to the IMSI guards about severe left arm pain and a burning chest pain. *Am. Compl. Redline* ¶¶ 36-39, Dkt. 53-2. Nurse Richins treated him, but she apparently lacked urgency in her response. *Id.* at ¶ 42. Nurse Richins then performed a physical EKG examination on Bown and gave the results to PA Barrett for analysis. *Id.* at ¶¶ 44-45. Both Richins and Barrett failed to realize the seriousness of Bown's condition, and sent him to an observation cell rather than calling for emergency care. *Id.* at ¶¶ 46-47. After

multiple prison staff members ignored Bown's screams and cries for help, Nurse Luster, the nurse on shift following Nurse Richins, called for emergency transport. *See id.* at 11. Graham K. Weatherly, MD, at St. Alphonsus Regional Medical Center, diagnosed Bown as suffering from an acute inferior wall myocardial infarction. *Id.* at ¶ 59.

On May 24, 2012, Bown brought this lawsuit against Reinke, Siegert, Blades, Crosby, Mettie, Blake, Pixler, and Richardson (hereinafter "IDOC Defendants"); and Corizon, Inc., f/k/a Correctional Medical Services, Inc., Karen B. Barrett, PA, April Dawson, MD, and Cassie Richins, LPN, (hereinafter "Corizon Defendants"). *See Compl.*, Dkt. 1. In the initial complaint, Bown alleged that the Corizon Defendants and the IDOC Defendants violated his constitutional rights under the Eighth Amendment of the Constitution by failing to adequately respond to his medical needs. *Id.* The claims were brought pursuant to 42 U.S.C. § 1983. *Id.*

On December 21, 2012, all parties entered into a Stipulation for Temporary Stay of Federal Proceeding (Dkt. 34). The parties stipulated to a stay to await a state court lawsuit filed by Bown against the Corizon Defendants. The state court lawsuit was filed on February 20, 2012 against only the Corizon Defendants and not the IDOC Defendants. *Burke Aff.*, Dkt. 56, Ex. A. Awaiting the resolution of the state court action, the parties in this case stipulated to a second stay of proceedings on January 8, 2014. Dkt. 35. On March 12, 2014, Bown and the Corizon Defendants entered a "Confidential Release Agreement" ("Release Agreement"). *See Burke Aff.* at 14, Dkt. 56, Ex. B.

The Release Agreement states that Bown agrees to release and acquit Releasees from all possible claims which may arise out of the medical care and treatment of Bown by Releasees in exchange for the Corizon Defendants compensating Bown $602,782.50. *Id.* "Releasees" are set forth as "Corizon Inc., f/k/a/ Correctional Medical Services, Inc., Karen Barrett, P.A., and Cassie Richins, L.P.N. . . ." Furthermore, the Release Agreement states that with respect to the present case, the action "shall be dismissed with prejudice as to the *Releasees only* . . . ." *Id.* at 15 (emphasis added).

Following the dismissal of the State action, Bown filed a timely request to have this Court lift the stay. Dkt. 37. On July 30, 2014, this Court lifted the stay. Dkt. 39. Pursuant to the Release Agreement, the Corizon Defendants were dismissed from this case. Dkt. 42.

Bown then filed the present motion for leave to amend his complaint. IDOC Defendants contend that in signing the Release Agreement, Bown released all claims arising out of Bown's medical treatment on February 19, 2011, and therefore all claims against IDOC Defendants are similarly released. Defendants argue that because the Release Agreement rendered the present federal action futile, all amendments to the initial complaint are likewise futile and should be denied.

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading with written consent of the opposing party or with leave of the court, and "[t]he court should freely give leave when justice so requires." "[T]he grant of leave to amend

the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Leave may be denied for reasons such as undue delay, bad faith, futility of amendment, or prejudice to the opposing party. *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981). If the reasons for denial are not readily apparent or the district court does not state the reasons, then the court abused its discretion. *Hurn*, 648 F.2d at 1254, citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, because the IDOC Defendants are not "Releasees" under the Release Agreement, the Release Agreement does not release IDOC Defendants from any claims. In Idaho, settlement agreements are interpreted under the same principles as any other contractual agreement. *Lamprecht v. Jordan, LLC*, 139 Idaho 182, 185-86 (2003). Under the Release Agreement, "Releasees" are unambiguously defined as only the Corizon Defendants and not the IDOC Defendants. Accordingly, because the release of the claims applies only to the "Releasees," it does not apply to the IDOC Defendants. In turn, the initial complaint against the IDOC Defendants is not rendered futile by the Release Agreement, and the proposed amendments are not futile. This conclusion is so patently clear, that the Defendants' opposition to the Motion to Amend borders on being frivolous.  The Court will grant the motion to amend.

## ORDER

**IT IS ORDERED:**

**MEMORANDUM DECISION AND ORDER - 4**

1.  Plaintiff's motion for leave to amend (Dkt. 53) is **GRANTED**. Plaintiff shall immediately file his amended complaint.

DATED: June 25, 2015

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 5**