Phillip J. Collaer – ISB No. #3447
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:        pcollaer@ajhlaw.com

Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO, SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM A. BOWN, | |
| Plaintiff, | Case No. 1:12-cv-00262-BLW |
| vs. | **ANSWER TO FIRST AMENDED CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BRENT D. REINKE; RONA SIEGERT; RANDY E. BLADES; JIMMIE H. CROSBY; DANIEL METTIE; BECKY A. BLAKE; RONALD D. PIXLER; TIMOTHY J. RICHARDSON; and JOHN and JANE DOES 1-10, | |
| Defendants. | |

COMES NOW, the above-entitled defendants, Brent D. Reinke, Rona Siegert, Randy E. Blades, Jimmie H. Crosby, Daniel Mettie, Becky A. Blake, Ronald D. Pixler, and Timothy J. Richardson, in their individual and official capacities, (these "answering defendants"), by and through their attorneys of record, Anderson, Julian & Hull LLP, and answers the Plaintiff's Civil Rights Amended Complaint by a Prisoner, as follows:

**ANSWER TO FIRST AMENDED COMPLAINT - 1**

## FIRST DEFENSE

The Plaintiff's First Amended Civil Rights Complaint ("Amended Complaint") fails to state a claim against these answering defendants upon which relief can be granted.

## SECOND DEFENSE

### I.

These answering defendants deny each and every allegation of the Amended Complaint not herein expressly and specifically admitted.

### II.

Based upon information and belief, these answering defendants admit the allegations contained in ¶¶ 1, 24, 44, and 63 of the Amended Complaint as they relate to these answering defendants.

### III.

With respect to the allegations contained in ¶2 of the Amended Complaint, these answering defendants admit that Brent D. Reinke is the Director of the Idaho Department of Correction.   These answering defendants state that the remaining allegations in ¶2 assert legal conclusions to which no response is required.   To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

### IV.

With respect to the allegations contained in ¶3 of the Amended Complaint, these answering defendants admit that Rona Siegert is the Director of Health Services for the Department of Correction.   These answering defendants further admit that Ms. Siegert is involved with the monitoring of health services at IMSI.   Defendants state that the remaining allegations in ¶3 assert legal conclusions to which no response is required.

**ANSWER TO FIRST AMENDED COMPLAINT - 2**

To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

### V.

With respect to the allegations contained in ¶4 of the Amended Complaint, these answering defendants admit that Randy Blades was the Warden at IMSI.  These answering defendants further admit that, in his capacity as the Warden at IMSI Mr. Blades had responsibility for the administration of certain day-to-day activities at the institution.  These answering defendants state that the remaining allegations in ¶4 assert legal conclusions to which no response is required.  To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

### VI.

With respect to the allegations contained in ¶5 of the Amended Complaint, these answering defendants state that Jimmie Crosby was the Deputy Warden at IMSI. These answering defendants further admit that, as the Deputy Warden of IMSI, Mr. Crosby had certain responsibilities relating to the administration and supervision of the facility.  These answering defendants state that the remaining allegations in ¶5 assert legal conclusions to which no response is required.   To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

### VII.

With respect to the allegations contained in ¶6 of the Amended Complaint, these answering defendants admit that at the times described in the Amended Complaint, Daniel Mettie was a Correctional Officer at IMSI.  These answering defendants state the remaining claims in ¶6 assert legal conclusions to which no response is required.   To

the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

## VIII.

With respect to the allegations contained in ¶7 of the Amended Complaint, these answering defendants admit that Becky Blake was at the times alleged in the Complaint, a Correctional Officer at IMSI. These answering defendants state that the remaining allegations in ¶7 assert legal conclusions to which no response is required. To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

## IX.

With respect to the allegations contained in ¶8 of the Amended Complaint, these answering defendants admit that Ronald Pixler was at the times alleged in the Complaint, a Correctional Officer at IMSI. These answering defendants state that the remaining allegations in ¶8 assert legal conclusions to which no response is required. To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

## X.

With respect to the allegations contained in ¶9 of the Amended Complaint, these answering defendants admit that Timothy Richardson was a Correctional Officer at IMSI. These answering defendants assert that the remaining allegations in ¶9 assert legal conclusions to which no response is required. To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

## XI.

Paragraph 10 of the Amended Complaint is blank.

**ANSWER TO FIRST AMENDED COMPLAINT - 4**

**XII.**

These answering defendants state that the allegations contained in ¶11 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent ¶11 states facts, those facts are denied as to these answering defendants.  Defendants also object to the inclusion of Doe Defendants because discovery has concluded and Plaintiff has not named any additional defendants with specificity.

**XIII.**

These answering defendants state that the allegations contained in ¶¶12-14 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent ¶¶12-14 state facts, those facts are denied as to these answering defendants.

**XIV.**

With respect to the allegations contained in ¶15 of the Amended Complaint, these answering defendants admit that since 2005, IDOC has contracted with Corizon Medical Services, Inc. (and its predecessor "CMS") to provide certain health care services at IDOC facilities.   These answering defendants deny all other factual allegations or inferences contained in ¶15 (including all footnotes).

**XV.**

These answering defendants deny the allegations in ¶¶16-17 of the Amended Complaint.

**XVI.**

With respect to the allegations contained in ¶18 of the Amended Complaint, these answering defendants state that the allegations and proceedings in <u>Balla v. Board</u>

**ANSWER TO FIRST AMENDED COMPLAINT - 5**

of Corrections speak for themselves.  These answering defendants deny all other factual allegations or inferences contained in ¶18.

### XVII.

With respect to the allegations contained in ¶19 of the Amended Complaint, these answering defendants admit that liquidated damages were paid by Corizon. These answering defendants deny all other factual allegations or inferences contained in ¶19.

### XVIII.

With respect to the allegations contained in ¶¶20-22 of the Amended Complaint, these answering defendants admit that during the specified period, CMS failed to meet some of its contractual obligations, and that liquidated damages were paid by CMS. These answering defendants deny all other factual allegations or inferences contained in ¶¶20-22.

### XIX.

These answering defendants deny the allegations contained in ¶23 of the Amended Complaint.

### XX.

These answering defendants admit the allegations contained in ¶24 of the Amended Complaint as they relate to these answering defendants.

### XXI.

With respect to the allegations contained in ¶¶25-26 of the Amended Complaint, these answering defendants admit that in 2010, IDOC contracted with Corizon to provide certain health care services at IDOC facilities. These answering defendants deny all other factual allegations or inferences contained in ¶¶25-26.

**ANSWER TO FIRST AMENDED COMPLAINT - 6**

**XXII.**

With respect to the allegations contained in ¶27 of the Amended Complaint, these answering defendants state that the terms and conditions of the contract referenced therein speaks for itself and deny any allegations that are inconsistent with the terms and conditions of the Corizon/IDOC contract referenced therein.

**XXIII.**

With respect to the allegations contained in ¶28-31 of the Amended Complaint, these answering defendants state that certain protocols relating to the delivery of medical care to inmates were created.   Those protocols speak for themselves and defendants deny all allegations in ¶¶28-31 that are inconsistent with the written protocols.  Defendants

deny all other allegations in ¶¶28-31.

**XXIV.**

These answering defendants state the allegations in ¶¶32-34 of the Amended Complaint assert legal conclusions to which no response is required.   To the extent ¶¶32-34 states facts those allegations are denied.

**XXV.**

These answering defendants deny the allegations contained in ¶35 of the Amended Complaint.

**XXVI.**

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶36 of the Amended Complaint and, therefore, deny the same.

**ANSWER TO FIRST AMENDED COMPLAINT - 7**

## XXVII.

With respect to the allegations contained in ¶37 of the Amended Complaint, these answering defendants admit that at the times described in the Complaint, Mr. Bown was housed at IMSI. These answering defendants deny all other factual allegations in ¶37.

## XXVIII.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶38 of the Amended Complaint and, therefore, deny the same.

## XXIX.

With respect to the allegations contained in ¶39 of the Amended Complaint, these answering defendants admit that Bown complained of heart burn to Correctional Officer Mettie. These answering defendants deny all other factual allegations or inferences contained in ¶39.

## XXX.

These answering defendants deny the allegations contained in ¶40 of the Amended Complaint.

## XXXI.

With respect to the allegations contained in ¶41 of the Amended Complaint, these answering defendants admit that Correctional Officer Mettie called Sargent Richardson and, that medical staff was summoned to examine Bown. These answering defendants deny all other factual allegations or inferences contained in ¶41.

## XXXII.

**ANSWER TO FIRST AMENDED COMPLAINT - 8**

With respect to the allegations contained in ¶42 of the Amended Complaint, these answering defendants admit that Nurse Richins examined Bown and, moved him to the infirmary for follow-up examination. These answering defendants deny all other factual allegations or inferences contained in ¶42.

### XXXIII.

These answering defendants deny the allegations contained in ¶43 of the Amended Complaint.

### XXXIV.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶¶45-46 of the Amended Complaint that are directed against other defendants and, therefore, deny the same.

### XXXV.

With respect to the factual allegations contained in ¶47 of the Amended Complaint, these answering defendants admit that Bown was admitted to the infirmary and housed in an observation room. These answering defendants deny all other factual allegations or inferences contained in ¶47.

### XXXVI.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶¶48-49 of the Amended Complaint and, therefore, deny the same.

### XXXVII.

These answering defendants deny the allegations contained in ¶50 of the Amended Complaint.

**ANSWER TO FIRST AMENDED COMPLAINT - 9**

## XXXVIII.

With respect to the allegations contained in ¶51 of the Amended Complaint, these answering defendants admit that Correctional Officer Blake observed and checked upon Mr. Bown's condition while he was housed in an observation room at the infirmary. These answering defendants deny all other factual allegations contained in ¶51.

## XXXIX.

With respect to the factual allegations contained in ¶52 of the Amended Complaint, these answering defendants admit that Correctional Officer Blake brought dinner to the plaintiff during the time he was in the infirmary on _____. These answering defendants deny all other factual allegations or inferences contained in ¶52.

## XL.

With respect to the factual allegations contained in ¶53 of the Amended Complaint, these answering defendants admit that for a period of time, Sargent Richardson was also present in the infirmary during the time Mr. Bown was housed in an observation room in that facility. These answering defendants deny all other factual allegations or inferences contained in ¶53.

## XLI.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶¶54-56 of the Amended Complaint and, therefore, deny the same.

## XLII.

With respect to the factual allegations contained in ¶57 of the Amended Complaint, these answering defendants admit that Nurse Luster called for an

emergency transport.  These answering defendants deny all other factual allegations or inferences contained in ¶57.

### XLIII.

With respect to the factual allegations contained in ¶58 of the Amended Complaint, these answering defendants admit the plaintiff was transported to St. Alphonsus Medical Center. These answering defendants deny all other factual allegations in ¶58.

### XLIV.

With respect to the factual allegations contained in ¶59 of the Amended Complaint, these answering defendants admit the plaintiff was transported, by ambulance to St. Alphonsus Regional Medical Center.  These answering defendants are without information or belief sufficient to admit or deny the remaining allegations in ¶59 and, therefore, deny the same.

### XLV.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶¶60-61 and, therefore, deny the same.

### XLVI.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶62 of the Amended Complaint that are directed against other defendants and, therefore, deny the same.

## XLVII.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶64 that are directed against other defendants and, therefore, deny the same.

## XLVIII.

These answering defendants state that the allegations contained in ¶65 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent ¶65 state facts, those facts are denied as to these answering defendants.

## XLIX.

With respect to the factual allegations contained in ¶66 of the Amended Complaint, these answering defendants admit that, prior to filing suit, Mr. Bown filed grievances surrounding the medical treatment he received at IMSI described in the Complaint. These answering defendants state that the remaining allegations contained in ¶66 assert legal conclusions to which no response is required.  To the extent the remaining allegations state facts, those facts are denied as to these answering defendants.

## L.

With respect to the allegations contained in ¶67 of the Amended Complaint, these answering defendants repeat and reallege their responses to ¶¶1-66 of the Amended Complaint as if fully set forth herein.

## LI.

These answering defendants state that the allegations contained in ¶¶68-69 of the Amended Complaint assert legal conclusions to which no response is required.  To

**ANSWER TO FIRST AMENDED COMPLAINT - 12**

the extent ¶¶68-69 state facts, those facts are denied as to these answering defendants.

## LII.

These answering defendants deny the allegations contained in ¶¶70-75 of the Amended Complaint as they relate to these answering defendants.

## LIII.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶76 of the Amended Complaint that are directed against other defendants and, therefore, deny the same.

## LIV.

These answering defendants deny the allegations contained in ¶¶77-80 of the Amended Complaint as they relate to these answering defendants.

## LV.

These answering defendants are without knowledge or information sufficient to form a belief as to the truth or falsity with respect to the allegations contained in ¶81 that Mr. Bown sustained severe and irreversible heart muscle damage and, for that reason, deny the same.  Defendants deny all other factual allegations contained in ¶81.

## LVI.

These answering defendants state that the allegations contained in ¶¶82-84 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent ¶¶82-84 state facts, those facts are denied as to these answering defendants.

**ANSWER TO FIRST AMENDED COMPLAINT - 13**

## THIRD DEFENSE

Plaintiff was guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged in the Amended Complaint, which misconduct on his part proximately caused and contributed to said events and resultant damages, if any.

## FOURTH DEFENSE

Plaintiff's losses or injuries, if any, were caused by the intervening acts or omissions of other third persons, for whom these answering defendants can bear no responsibility.

## FIFTH DEFENSE

The allegations contained in plaintiff's Amended Complaint do not arise to the level of the deprivation of a federally protected right.

## SIXTH DEFENSE

These answering defendants, in their individual capacities, are entitled to qualified immunity from liability because the acts or omissions complained of, if any, were done by the defendants in good faith, with honest reasonable belief that such actions were necessary and constitutionally proper.

## SEVENTH DEFENSE

Plaintiff is estopped from asserting his claims against these answering defendants under the doctrines of estoppel, waiver, and release.

## EIGHTH DEFENSE

These answering defendants are entitled to an accounting and offset for the settlement monies paid to plaintiff by former defendants in this action, and to have the fault of those former defendants determined at trial.

**ANSWER TO FIRST AMENDED COMPLAINT - 14**

WHEREFORE, these answering defendants pray that plaintiff takes nothing by his Amended Complaint, that the same be dismissed, and that these answering defendants be awarded their costs of suit and attorney's fees, and such other and further relief as the Court deems just.

**THESE ANSWERING DEFENDANTS DEMAND A JURY TRIAL AS TO ALL ISSUES.**

DATED the _15_ day of July, 2015.

ANDERSON, JULIAN & HULL LLP

By _____

Phillip J. Collaer, Of the Firm
Attorneys for Defendants

**ANSWER TO FIRST AMENDED COMPLAINT - 15**

<u>CERTIFICATE OF MAILING</u>

I HEREBY CERTIFY that on the _15_ day of July, 2015, I served a true and correct copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

John Robinson
JAMIESON & ROBINSON, LLC
P.O. Box 4285
Jackson, Wyoming 83001
Telephone: (307) 733-7703

[ ]   U.S. Mail, postage prepaid
[ ]   Hand-Delivered
[ ]   Overnight Mail
[ ]   Facsimile (307) 577-9435
[ X ]   ECF

Elisa G. Massoth, Co-Counsel
Elisa G. Massoth, PLLC
14 S. Main Street, Suite 200
P.O. Box 1003
Payette, Idaho 83661
Telephone: 642-3797
*Attorneys for Plaintiff*

[ ]   U.S. Mail, postage prepaid
[ ]   Hand-Delivered
[ ]   Overnight Mail
[ ]   Facsimile 208-642-3799
[ X ]   ECF

John Burke
FARLEY, OBERRECHT, et al.
702 W. Idaho, Suite 700
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile (208) 395-8585
*Attorney for Defendant, CMS*

[ ]   U.S. Mail, postage prepaid
[ ]   Hand-Delivered
[ ]   Overnight Mail
[ ]   Facsimile 384-5844
[ X ]   ECF

Phillip J. Collaer

**ANSWER TO FIRST AMENDED COMPLAINT - 16**