IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO, SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM A. BOWN,<br><br>                Plaintiff,<br><br>vs.<br><br>BRENT D. REINKE; RONA SIEGERT; RANDY E. BLADES; JIMMIE H. CROSBY; DANIEL METTIE; BECKY A. BLAKE; RONALD D. PIXLER; TIMOTHY J. RICHARDSON; CORIZON, INC., fka CORRECTIONAL MEDICAL SERVICES, INC., a Missouri corporation; KAREN B. BARRETT, PA; APRIL DAWSON, MD; CASSIE RICHINS, LPN; and JOHN and JANE DOES 1-10,<br><br>                Defendants. | Case No. 1:12-cv-00262-BLW<br><br>**Protective Order** |

As stipulated by the parties, to expedite the exchange of documents in this Litigation, to facilitate the prompt resolution of disputes over confidentiality and to protect certain Discovery Material pursuant to the terms below, the Court hereby enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c), which binds all counsel of record in this action.

**1. Definitions**

    a.    "Party" means a plaintiff, current defendant, or previously dismissed defendant in this Litigation, including the officers, directors and principals acting on behalf of a Party. "Parties" means any combination of plaintiffs or defendants in this Litigation, including the officers, directors and principals acting on behalf of a Party.

    b.    "Discovery Material" is all information, regardless of medium or manner generated, stored or maintained, which may include, but is not limited to, documents, deposition testimony and transcripts, answers to interrogatories and tangible things produced by a Party or

**PROTECTIVE ORDER - 1**

person (whether produced, filed or served) or otherwise generated in disclosures, responses to discovery, responses to requests for admission, and responses to subpoenas in this Litigation.

  c. "Confidential Discovery Material" is information the designating Party in good faith believes contains confidential personal information not generally disclosed to the public by that Party or person. This category includes, but is not limited to: (i) personnel files of parties and non-parties to this litigation; (ii) central files, medical files, and other non-public information of persons currently or formerly under supervision of IDOC; (iii) IDOC investigatory materials; and (iv) material or information in possession of a Party or person where said Party or person has an independent written or legal obligation of confidentiality to a third party or person. This designation must be made by or under the supervision of an attorney. Any Party or other person authorized by this Order to view Confidential Discovery Material shall not disclose the Confidential Discovery Material outside the formal confines of this Litigation.

2. **Designating Discovery Material**

  a. Any attorney or someone acting under the supervision of an attorney for any Party may designate Discovery Material as Confidential Discovery Material, regardless of the source of the material, and that material must be treated in accordance with the provisions of this Order, provided that the material is marked prominently "Confidential" on each page of the document. If written discovery responses are entitled to protection under this Order, the portions of those answers or responses that are confidential must be marked Confidential Discovery Material.

  b. To the extent a Party wishes or is required to file Confidential Discovery Material with the Court, either in its original form, or as part of, or incorporated in another document, such as a complaint, the Party must file a redacted copy omitting the Confidential Discovery Material and must serve an un-redacted copy of the same on all counsel of record. If consideration of the redacted information is necessary for the determination of the motion for which it was filed and un-redacted version may be filed under seal.

3. **Designating Depositions**

**PROTECTIVE ORDER - 2**

a. Parties and deponents may designate pages of the transcript and its exhibits as confidential to the extent the Party or deponent believes the pages contain material or information entitled to protection. These designations must be made orally during the deposition or in writing within 30 days of receiving the transcript.

**4. Use of Confidential Discovery Material**

a. Unless otherwise ordered by a court, administrative agency or similar governmental or regulatory body of competent jurisdiction Confidential Discovery Material may be used only in connection with the prosecution, defense, or settlement of the claims in this Litigation.

b. Confidential Discovery Material may be disclosed only:

  i. to Parties;

  ii. to Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of this Litigation;

  iii. to Parties' external counsel and their respective legal, investigative, technical, administrative and other support staff engaged in the conduct of this Litigation on behalf of named Parties;

  iv. to this Court or any other court exercising jurisdiction with respect to this Litigation, any appellate court(s), court personnel, jurors, alternate jurors and qualified persons (including necessary clerical personnel) who take, transcribe or otherwise record testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

  v. to any person designated by the Court upon whatever terms the Court deems proper;

  vi. to any magistrate, special master, mediator or arbitrator engaged by the Parties or authorized by the Court;

  vii. to outside consultants, investigators or experts utilized for the purpose of assisting counsel or testifying in this Litigation provided they sign an

**PROTECTIVE ORDER - 3**

        undertaking in a form substantially keeping with the substance of the Protective Order Certification attached hereto;

viii. to third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with this Litigation, including the performance of its duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render its services, and provided that counsel expressly cautions contractors that the disclosure and use of Confidential Discovery Material, except as provided in this Order, is prohibited and takes reasonable precautions to prevent the unauthorized disclosure or use of Confidential Discovery Material by contractors;

ix. to: (a) the person or entity that produced or originally created the Confidential Discovery Material; (b) any author, addressee or recipient of the material indicated on its face; or (c) any person or entity expressly mentioned, discussed or referred to by actual name in the material as indicated on its face, provided that person or entity execute, in advance, an undertaking in a form substantially keeping with the substance of the Protective Order Certification attached hereto;

x. to a witness in this Litigation not otherwise authorized to view the Confidential Discovery Material in question, during that witness's testimony at a deposition, hearing or trial in this Litigation, provided that: (a) the examiner of the witness has a good-faith belief that the witness is likely to have knowledge of the contents of the Confidential Discovery Material; (b) the witness is not permitted to retain copies of the Confidential Discovery Material; and (c) if at a deposition, the witness executes, in

**PROTECTIVE ORDER - 4**

     advance, an undertaking in a form substantially keeping with the substance of the Protective Order Certification attached hereto; and

   xi. to any other person agreed to in writing by the designating Party, which agreement must not be unreasonably withheld.

5. **Challenging Designations of Confidential Discovery Material**

  a. A Party may challenge the designation as Confidential Discovery Material by a motion or other appropriate application to the Court. The challenging Party must provide written notice to the designating Party, identifying the discovery material it challenges and setting forth the basis for the challenge. Within 14 days of the receipt of the written notice of challenge, the designating Party must meet and confer with the challenging Party and these Parties must make a good-faith effort to resolve the dispute concerning the designation. If the parties cannot resolve the dispute, the challenging Party may subsequently file a motion or application to the Court, which must specifically identify the material subject to the motion but must not disclose or reveal the contents of that material except as provided in paragraph 2.b, above. If a motion is made, the information maintains the extant designation pending the Court's decision. Upon leave of the Court, the Parties may submit the material to the Court for in camera review.

6. **Inadvertent Failure to Designate**

  a. Except as provided in this paragraph, the inadvertent failure to designate particular Discovery Material as Confidential Discovery Material at the time of production does not waive a Party's right to later so designate the Discovery Material, provided that, at the time of making the later designation, the designating Party provides the receiving Party a properly marked replacement copy of the Confidential Discovery Material. No Party is deemed to violate this Order if, prior to notification of any later designation, Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, the materials must be treated consistently with the later designation unless that Discovery Material was already filed with the Court in the public record or is being challenged as provided in Section 5. If Discovery

**PROTECTIVE ORDER - 5**

Material is already a part of the public record, it is the responsibility of the Party who failed to designate the material to move the Court for appropriate relief.

      b. If an inadvertently-omitted confidential designation is first claimed during the course of a deposition, hearing or other court proceeding, that Discovery Material may be used throughout the deposition, hearing or proceeding as though no designation was made, but must be treated as though that designation was made immediately afterwards, unless challenged as provided in Section 5.

   7. **Termination**

      a. The provisions of this Order bind the Parties after the final termination of the Litigation. Within 120 days after final conclusion of this Litigation, including appeals, any Party and all persons who received (or tendered to any other person) Confidential Discovery Material must either deliver that Discovery Material to the designating Party or certify in writing to counsel of the designating Party that the receiving Party or persons has destroyed that Discovery Material. If applicable, the costs of delivering the Discovery Material will be borne by the designating Party. The costs of destruction of the Discovery Material will be borne by the non-designating Party. Notwithstanding these provisions, counsel may retain copies of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential Discovery Material.

   8. **Modification Permitted**

      a. Nothing in this Order precludes the right of the Parties to stipulate (subject to Court approval) or move to amend or modify this Order. The Court retains the right to modify this Order or allow disclosure of any subject covered by this Order.

**PROTECTIVE ORDER - 6**

9.  **Additional Parties**

a.  The terms of this Order are binding on all current and future Parties to this Litigation and their counsel.

NOW THEREFORE IT IS HEREBY ORDERED that the motion for protective order (docket no. 75) is GRANTED. The Protective Order set forth above (which includes the attached Exhibit A) is deemed to be an Order of this Court.

DATED: October 28, 2015

B. Lynn Winmill
Chief Judge
United States District Court

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO, SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM A. BOWN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRENT D. REINKE; RONA SIEGERT; RANDY E. BLADES; JIMMIE H. CROSBY; DANIEL METTIE; BECKY A. BLAKE; RONALD D. PIXLER; TIMOTHY J. RICHARDSON; CORIZON, INC., fka CORRECTIONAL MEDICAL SERVICES, INC., a Missouri corporation; KAREN B. BARRETT, PA; APRIL DAWSON, MD; CASSIE RICHINS, LPN; and JOHN and JANE DOES 1-10,<br><br>　　　　　　Defendants. | Case No. 1:12-cv-00262-BLW<br><br>**Protective Order Certification** |

　　　　I hereby certify that: (i) I have read the Protective Order governing Confidential Discovery Material (the "Protective Order") that has been entered by the Court in the above-entitled litigation, and I understand its terms; (ii) I understand that Confidential Discovery Material is being provided to me pursuant to the terms of the Protective Order; (iii) I agree to be fully bound by the provisions of the Protective Order, including its provisions restricting disclosure of Confidential Discovery Material and limiting the use of such material to the conduct of the above-entitled litigation; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Idaho for purposes of enforcement of the Protective Order.

DATED:_____

Signature_____

Printed Name_____

**PROTECTIVE ORDER - 8**