IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM A. BOWN,<br><br>        Plaintiff,<br><br>vs.<br><br>BRENT D. REINKE; RONA SIEGERT; RANDY E. BLADES; JIMMIE H. CROSBY; DANIEL METTIE; BECKY A. BLAKE; RONALD D. PIXLER; TIMOTHY J. RICHARDSON; CORIZON, INC., fka CORRECTIONAL MEDICAL SERVICES, INC., a Missouri corporation; KAREN B. BARRETT, PA; APRIL DAWSON, MD; CASSIE RICHINS, LPN; and JOHN and JANE DOES 1-10,<br><br>        Defendants. | Case No. 1:12-cv-262-BLW<br><br>**MEMORANDUM DECISION AND ORDER AWARDING ATTORNEY FEES AND COSTS** |

## INTRODUCTION

The Court has before it a motion for attorney fees. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion and award plaintiffs the sum of $43,499.60 representing their attorney fees and costs.

## BACKGROUND

Plaintiff Bown, an inmate at the Idaho Maximum Security Institution, filed this lawsuit against the provider of medical services at the jail, and various jail officials, for delays in treating his heart ailment. In an earlier filed decision, the Court described numerous instances of discovery abuse by defense counsel Phillip Collaer and Blake Hill

**Memorandum Decision & Order – page 1**

that ultimately forced Bown to file a motion to compel. *See Memorandum Decision (Dkt. No. 95).* The Court held that the misconduct was so widespread and serious that it required an award of attorney fees and costs. *Id.* at p. 16. The misconduct resulted in substantial wasted time and effort by Bown's counsel and by this Court. *Id.* The Court directed counsel to file a petition for fees and costs. That petition has now been filed and the matter has been fully briefed by both sides.

## LEGAL STANDARD

In the Ninth Circuit, the proper method for determining a reasonable attorney fee is to use the "lodestar method." *Haeger v. Goodyear Tire and Rubber Co.*, 813 F.3d 1233, 1249 (9th Cir. 2016). First, the trial court calculates attorney fees by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate. *Cotton v. City of Eureka, Cal.,* 889 F. Supp. 2d 1154, 1165 (N.D. Cal. 2012). In setting the rate, the district court also should consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975). The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relation-ship with the client; and (12) awards in similar cases.

## ANALYSIS

**Memorandum Decision & Order – page 2**

Bown seeks to recover the attorney fees incurred for three attorneys and a paralegal. Attorneys John Robinson and Timothy Miller each worked about 40 hours (at a rate of $350 an hour) to unravel the misconduct of defense counsel in discovery, while Elisa Massoth worked about 44 hours (at a rate of $275 an hour) on this same task.

Defendants argue first that the hours submitted are too high. They allege that many of the hours submitted do not relate strictly to the motion to compel. The Court awarded "fees and costs incurred by Bown in *preparing* and filing the motion to compel." *Id.* (emphasis added). To prepare for filing that motion, Bown's counsel made numerous unsuccessful attempts to resolve the discovery issues, as recounted in the Court's earlier decision, and as required by the Court's Local Rules. *Id.* at pp. 8-16. Those efforts were rebuffed by defense counsel, and that conduct was part of the reason the Court awarded the fees and costs. *Id.* That time is legitimately included in Bown's fee petition. Moreover, in preparing to file the motion, Bown's counsel was forced to engage in wasteful acts like reviewing bankers' boxes of hard copy documents – and making many hard copies of documents – all based on defense counsels' false representations that no digital copies existed. Bown's counsel also wasted time in depositions because defense counsel failed to turn over discoverable material.

All of the time submitted by Bown's counsel was directly related to the motion to compel and is compensable under the Court's earlier decision. The Court therefore rejects defendants' argument that the time charges are improperly overbroad. The defendants also object to time charges they describe as redundant, but defense counsels' misconduct was so serious that it legitimately required the efforts of three attorneys and a

**Memorandum Decision & Order – page 3**

paralegal to counteract – it was necessity, not redundancy, that led to the time charges at issue here.

Although the Court is awarding fees under Rule 37, the Ninth Circuit has nevertheless held that because the sanctions were related to an inmate's § 1983 action, the fee award is limited by the Prison Litigation Reform Act (PLRA). *Webb v. Ada County,* 285 F.3d 829 (9th Cir. 2002) (affirming application of PLRA cap on attorney fee award for contempt and discovery sanctions in prisoner's § 1983 case). The PLRA puts a cap on the hourly rates of 150% of the hourly rate established for payment of court-appointed counsel. *See* 42 U.S.C. § 1997e(b)(3). The rate for court-appointed attorneys is currently $127.00 per hour, as agreed by both sides here. Thus, the applicable PLRA rate would be $190.50 per hour.

Using that hourly rate, an award of attorney fees in this case of $23,926.80 would be consistent with the PLRA.

**<u>Multiplier</u>**

Bown asks the Court to use a "multiplier" that would calculate fees based on the full market rates for their fees. This would add about $16,000 to the attorney fee award, bringing it roughly to $39,000.

A fee applicant bears the burden of proving that a fee enhancement is necessary, and must produce "specific evidence" supporting the award. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). In adjusting an award, however, the district court must focus on the *Kerr* factors "that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir.1996*) opinion*

**Memorandum Decision & Order – page 4**

*amended on denial of reh'g*, 108 F.3d 981 (9th Cir.1997).  Factors one through four and six are considered subsumed in the lodestar calculation.  *Id.* at 364 n. 9.  Those *Kerr* factors determined not subsumed in the lodestar calculation therefore include:

> (5) the customary fee,  . . .   (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.; Kerr*, 526 F.2d at 70.  "Where a fee award is multiplied upward to account for factors not subsumed in the lodestar calculation, it is still 'based on' the initial lodestar fee rate; the fee is increased from that base point to ensure reasonable compensation of counsel in those very narrow circumstances when the lodestar undervalues counsel." *Kelly v. Wengler,* 7 F.Supp3d 1069, 1083 (D.Id. 2014).

In this case, the PLRA rates significantly undervalue the work of Bown's counsel.  The PLRA rates are far below market rates in this region for this type of work based on the Court's long experience in evaluating fee petitions.  That provides a strong incentive for discovery abuses because any eventual fee award will simply be a "cost of doing business" that can easily be absorbed.  Moreover, as the Court pointed out in its decision, the conduct of defense counsel wasted not only the time and efforts of Bown's counsel but also that of the Court.

Of course, not every sanction demands the application of a multiplier.  The *Webb* case is an example where attorney fees awarded as a discovery abuse sanction were limited by the PLRA.  But the conduct here – described at length in the Court's earlier decision – was egregious enough to warrant a multiplier.

**Memorandum Decision & Order – page 5**

The Court therefore finds that the PLRA hourly rate significantly undervalues the time of Bown's counsel.  Accordingly, a multiplier must be applied to bring those hourly rates more in line with fair market rates.  The table below demonstrates how that can be accomplished:

| Attorney | Hours | Market Rate | PLRA Rate | Multiplier | Multiplier Rate | Total Award |
|---|---|---|---|---|---|---|
| John Robinson | 40.9 | $350/hr | $190.50/hr | 1.8 | $342/hr | $13,987.80 |
| Timothy Miller | 40.7 | $350/hr | $190.50/hr | 1.8 | $342/hr | $13,919.40 |
| Elisa Massoth | 44 | $275/hr | $190.50/hr | 1.4 | $266/hr | $11,704.00 |
| Total Attorney Fee Award with Multiplier | | | | | | $39,611.20 |

**Paralegal Rate**

The Court agrees with defendants that the $100 per hour rate for paralegal services is too high and that the appropriate rate would be $65 per hour.  That brings the award for paralegal services down to $1,261.00.

**Costs**

The Court rejects defendants' objections to the cost bill, and will award costs in the sum of $2,627.40.  This includes the corrected amount for air travel submitted by Timothy Miller.  *See Miller Declaration (Dkt. No. 99-1).*

**Conclusion**

The Court will therefore award attorney fees of $39,611.20, paralegal fees of $1,261.00, and costs in the sum of $2,627.40.  The total award is therefore $43,499.60.

**Memorandum Decision & Order – page 6**

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for attorney fees and costs (docket no. 96) is GRANTED, and that plaintiff be awarded costs and attorney fees from defendants as follows:  Attorney fees of $39,611.20, paralegal fees of $1,261.00, costs of $2,627.40, for a total award of $43,499.60.

DATED: May 19, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court