IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM A. BOWN,<br><br>                    Plaintiff,<br><br>vs.<br><br>BRENT D. REINKE; RONA SIEGERT; RANDY E. BLADES; JIMMIE H. CROSBY; DANIEL METTIE; BECKY A. BLAKE; RONALD D. PIXLER; TIMOTHY J. RICHARDSON; CORIZON, INC., fka CORRECTIONAL MEDICAL SERVICES, INC., a Missouri corporation; KAREN B. BARRETT, PA; APRIL DAWSON, MD; CASSIE RICHINS, LPN; and JOHN and JANE DOES 1-10,<br><br>                    Defendants. | Case No. 1:12-cv-00262-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to retain jurisdiction filed by plaintiffs. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## LITIGATION BACKGROUND

Plaintiff Bown filed this § 1983 action against prison officials for not responding promptly when he complained of symptoms of a heart attack. Their delay, he claims, resulted in permanent damage to his heart.

The defendants responded by filing a motion for summary judgment arguing, among other things, that they were entitled to qualified immunity because the law was

not clearly established that the system they had in place for responding to inmates who might be having a heart attack was constitutionally deficient.  The Court disagreed, holding that the law was clearly established that the prison system was constitutionally deficient, and concluding that the defendants were not entitled to qualified immunity.

The defendants appealed that decision.  The briefing on that appeal has now been completed and the parties are awaiting notice on whether oral argument will be held.

The plaintiffs have filed a motion with this Court arguing that the appeal is frivolous and that the case should proceed to trial despite the appeal.  The Court will resolve that motion after identifying the governing legal standards.

## LEGAL STANDARDS

The filing of a notice of an interlocutory appeal on qualified immunity grounds divests the district court of jurisdiction to proceed with trial.  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir.2001).  The Ninth Circuit has held, however, that "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial."  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir.1992).  "In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal."  *Id.* at 105.

A qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction."  *Marks v. Clarke*, 102 F.3d 1012, 1017 n. 8 (9th

**Memorandum Decision & Order – page 2**

Cir.1996).  An appeal is frivolous if it is wholly without merit.  *In re George,* 322 F.3d 586, 591 (9th Cir. 2003).

## ANALYSIS

In their appeal, defendants argue that the Court erred in holding that the law was clearly established that the system they had in place for responding to inmates who might be having a heart attack was constitutionally deficient.  Defendants argue in their appeal that the Court "defined the clearly established law at an impermissible level of generality."  *See Defense Brief (Dkt. No. 127)* at p. 7.

The defendants made the same argument to this Court in their summary judgment motion.  Although the Court disagreed, and remains confident in its ruling, the defendants' argument was not "wholly without merit."  There is at least some small room for debate and thus the Court cannot grant plaintiffs' motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to retain jurisdiction (docket no. 126) is DENIED.

DATED: March 3, 2017

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 3**