UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM A. BOWN,<br><br>Plaintiff,<br><br>v.<br><br>RONA SIEGERT,<br><br>Defendant. | Case No. 1:12-cv-00262-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is third party Jay Vermillion's Motion to Unseal. (Dkt. 176.) For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiff William A. Bown, who was an inmate with the Idaho Department of Corrections, filed this action against multiple defendants, including Corizon, Inc. (Dkt. 1.) In February 2015, defense counsel filed an affidavit under seal. (Dkt. 56.) This affidavit was filed in support of the defense's opposition to Plaintiff's motion to amend the complaint. (*Id.*) The affidavit includes as an attachment a "Confidential Release Agreement" relating to a prior case involving Plaintiff and Corizon. (*Id.* at 14.)

MEMORANDUM DECISION AND ORDER - 1

Mr. Vermillion is not a party to the present action. He is, instead, an inmate with the Indiana Department of Corrections who brought claims against Corizon in a separate, unrelated case. On November 29, 2021, the Court received a letter from Mr. Vermillion, in which Mr. Vermillion requested to purchase a copy of the "Release" filed in the present action at "Dkt. No. 56." (Dkt. 176.) The Court has construed Mr. Vermillion's letter as a motion to unseal and obtain a copy of the "Confidential Release Agreement" filed as part of Dkt. 56. The only remaining Defendant in the action, Rona Siegert, opposes the motion. (Dkt. 178.) Plaintiff is a party to the Confidential Release Agreement and as such cannot agree to its disclosure. (Dkt. 179.)

**LEGAL STANDARD**

There is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "This right is justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.' " *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598). "Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.' " *Id.* (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). "Unless a

particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.*

## ANALYSIS

The Confidential Release Agreement at issue was filed as an attachment in Dkt. 56. Although defense counsel filed it under seal, it was not accompanied by a motion to seal as required by Local Rule 5.3. Thus, the Court has not previously ruled on whether Dkt. 56, and specifically the Confidential Release Agreement, should be sealed. The Court will thus begin with consideration of the propriety of sealing Dkt. 56, including the Release Agreement.

Two standards generally govern the sealing of documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180 (citations omitted). In contrast, a " 'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does

Case 1:12-cv-00262-BLW   Document 180   Filed 02/16/22   Page 4 of 6

not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Here, Dkt. 56 was not filed in conjunction with a dispositive motion. And thus, only good cause is required to seal the document. The Court finds that this standard is met and will accordingly allow Dkt. 56, including the Release Agreement, to remain under seal.

"Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties." *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993). "Sound judicial policy fosters and protects this form of alternative dispute resolution." *Id.* (citing Fed. R. Evid. 408 for the proposition that it "protects compromises and offers to compromise by rendering them inadmissible to prove liability"). Thus, many courts have found it appropriate to preserve the confidentiality of settlement agreements, such as by issuing protective orders or allowing the filing of such agreements under seal. *See, e.g., Phillips ex rel. Ests. Of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting that courts have granted protective orders to protect confidential settlement agreements); *Flynn v. Portland Gen. Elec. Corp.*, 1989 WL 112802, 58 U.S.L.W. 2243 50 Fair Empl.Prac.Cas. (BNA) 1497 (D. Or. 1989) ("the strong public policy favoring settlement of disputed claims dictates that confidentiality

MEMORANDUM DECISION AND ORDER - 4

agreements regarding such settlements not be lightly abrogated"); *Kalinauskas*, 151 F.R.D. at 365 ("The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection."); *Prosurance Group, Inc. v. Liberty Mut. Group, Inc.*, 2011 WL 704456, *1-*2 (N.D. Cal. Feb.18, 2011) (finding good cause to allow the parties to file settlement agreement under seal to preserve the agreement's confidentiality); *Daniels v. Bursey*, 2006 WL 468015, at *4 (N.D. Ill. Feb.23, 2006) (strong public policy favoring settlement of claims was "good cause" to issue protective order for a confidential settlement agreement).

The Court agrees with this approach and finds that judicial policy favoring voluntary settlement of disputes outweighs the interest of the public to access the Release Agreement. This is particularly true where, as here, the confidential agreement relates to the settlement of an entirely different action and is thus only tangentially related to the present action. Further, when the parties entered into the Release Agreement, they did so with the understanding that it would remain confidential. If the Court were to allow public access to the Release Agreement, it would violate the expectation of the parties and discourage parties from voluntarily settling disputes. Accordingly, the Court finds that good cause exists to allow Dkt. 56, which includes the Release Agreement and the associated affidavit, to remain under seal.

The Court next turns to whether Mr. Vermillion is entitled to obtain a copy of the sealed Release Agreement. The Court finds he is not. He is not a party to this action, and he has not provided any reason, argument, or justification demonstrating that the Release Agreement should be unsealed or that he should have access to this confidential document that the Court has found entitled to protection. Further, because the Release Agreement is under seal, it is not a public court record to which Mr. Vermillion has a general right of access. Accordingly, the Court will deny Mr. Vermillion's request to unseal and for a copy of the Release Agreement.

## ORDER

IT IS ORDERED that the Motion to Unseal (Dkt. 176) is DENIED.

DATED: February 16, 2022

B. Lynn Winmill
U.S. District Court Judge